IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEREMY RASKIEWICZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA and W. SMITH,<br><br>Defendants. | CV 14-00126-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**I. Statement of the Case**

    **A.    Parties**

Raskiewicz is a prisoner proceeding without counsel. He was incarcerated at the Flathead County Detention Center in Kalispell, Montana when he filed his Complaint but has since been transferred to the Montana State Hospital in Warm Springs, Montana. The named defendants are the State of Montana and W. Smith, the Detention Center Commander at the Flathead County Detention Center. (Complaint, Doc. 2 at 5.)

    **B.  Allegations**

Raskiewicz alleges he is being illegally detained in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments. He alleges he was illegally captured in October 2013 and is being detained at the Flathead County

1

Detention Center on a felony that has been erased from N.C.I.C.[1] Raskiewicz provides no further details regarding the charges against him. He asks that the felony be re-erased, he be released, paid 10 million dollars, those responsible for illegally detaining him be executed, and he be allowed to "sacrifice" able to sacrifice those responsible for his illegal detention. (Complaint, Doc. 2 at 7.).

### C. Criminal Proceedings

Raskiewicz filed a federal habeas petition the same day as this action. Civil Action No. 14-CV-125-M-DLC-JCL. In that case, the State was required to file a status report describing the basis of Raskiewicz's current custody. Civil Action No. 14-CV-125-M-DLC-JCL, Doc. 5. According to the State's Response to that Order and the documents provided with that response, Raskiewicz pled guilty to assault with a weapon for causing bodily injury to another person with a hot cast-iron frying pan on October 17, 2005. On December 15, 2005, Raskiewicz was sentenced to the Montana State Prison for a term of 20 years with 12 years suspended. Civil Action No. 14-CV-125-M-DLC-JCL, Doc. 7-4, February 27, 2005 Judgment and Sentence.

Raskiewicz discharged his prison sentence to the balance of his suspended

---

[1] Presumably, Raskiewicz is referring to the National Crime Information Center which is a computerized index of criminal justice information. *See* www.fbi.gov/about-us/cjis/ncic.

sentence and began his probationary term on March 22, 2013. Sometime in July 2013, Raskiewicz absconded from probationary supervision. Civil Action No. 14-CV-125-M-DLC-JCL, Doc. 7-5, Report of Violation. On October 23, 2013, the Flathead County Attorney's Office filed a Petition for Revocation of Suspended Sentence. Civil Action No. 14-CV-125-M-DLC-JCL, Doc. 7-6, Petition for Revocation of Sentence. A warrant for Raskiewicz's arrest was issued. Civil Action No. 14-CV-125-M-DLC-JCL, Doc. 7-7, October 25, 2013 Bench Warrant.

Raskiewicz was arrested, and on December 30, 2013, he was returned to custody at the Flathead County Detention Center, pursuant to the warrant. The court appointed the Office of the State Public Defender to represent Raskiewicz on the revocation proceeding. On April 2, 2014, Raskiewicz's attorney moved the court for an order committing Raskiewicz to the Department of Public Health and Human Services for a period of not more than 60 days so that he could be evaluated for his fitness to proceed in the pending revocation proceeding. On April 9, 2014, the court issued its Order to Commit Defendant to the Custody of DPHHS. Civil Action No. 14-CV-125-M-DLC-JCL, Doc. 7-19.

On May 23, 2014, this Court recommended that Raskiewicz's habeas petition be dismissed because Raskiewicz had not exhausted his state court remedies prior to filing his federal habeas petition. Civil Action No. 14-CV-125-

M-DLC-JCL, Doc. 9. These recommendations were adopted in full and the habeas case was dismissed on June 30, 2014. Civil Action No. 14-CV-125-M-DLC-JCL, Doc. 10.

## II. Prescreening

### A. Standard

Raskiewicz is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se

4

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Analysis

#### 1. The State of Montana

Raskiewicz's allegations directed to the State of Montana fail to state claims upon which relief could be granted. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). Thus, absent waiver by a state of its Eleventh Amendment immunity, an award of section

1983 damages against a state, state agency, or state official sued in an official capacity is barred by the Eleventh Amendment. *Id.* 415 U.S. at 663. The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997) cert. denied, 118 S.Ct. 2340 (1998). To the extent Raskiewicz could name a state official in their official capacity and to the extent he seeks declaratory and injunctive relief, the Court must abstain from proceeding in this action under *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine generally prohibits federal courts from granting relief that interferes with pending state criminal proceedings. The doctrine is based on the strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968). *Younger* directs federal courts to abstain from granting injunctive or

declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden* ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007).

All the elements of *Younger* abstention are established in this case. First, the State's filing in Civil Action No. 14-CV-00125-M-DLC-JCL clearly demonstrates that the underlying criminal proceeding against Raskiewicz are ongoing. Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing. Third, Raskiewicz has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Raskiewicz has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his constitutional rights relative to his prosecution. Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Because any decisions in this action regarding whether or not Raskiewicz has been incarcerated in violation of his rights under the United States Constitution would directly interfere with the state criminal proceeding, *Younger* mandates that this Court abstain from adjudicating Raskiewicz' claims.

### 2. W. Smith

Raskiewicz has named W. Smith, the Commander of the Flathead County Detention Center as a defendant for illegally detaining him. The Court has construed the claim against Mr. Smith as a false imprisonment claim. False imprisonment "consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*–when, for example, he is bound over by a magistrate or arraigned on charges. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Raskiewicz was arrested pursuant to the October 28, 2014 bench warrant. Thus, Raskiewicz was detained with legal process and there is no basis for a false imprisonment claim. *See Baker v. McCollan*, 443 U.S. 137, 143-44 (1979) (plaintiff's arrest and four-day detention caused by defective identification did not violate the Constitution because he was arrested pursuant to a facially valid warrant); *Erdman v. Cochise County, Arizona*, 926 F.2d 877, 881 (1991) (plaintiff's arrest for an already adjudicated charge did not violate Constitution because it was pursuant to a facially valid bench warrant).

### 3. Challenge to Conviction

To the extent Raskiewicz is attempting to challenge his underlying conviction, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a civil rights complaint under §

1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

## III. Conclusion

Raskiewicz has failed to state a claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. This matter should be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Raskiewicz failed to state a claim. This case should be a strike under 28 U.S.C. §1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

10

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Raskiewicz's claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Change**

At all times during the pendency of this action, Raskiewicz shall immediately advise the Court of any change of address and its effective date.

Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Raskiewicz failed to state a claim upon which relief may be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant case is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Raskiewicz may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of October, 2014.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.