IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEREMY RASKIEWICZ, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA and W. SMITH, <br><br> Defendants. | CV 14-126-M-DLC-JCL <br><br> ORDER |

FILED
NOV 2 5 2014
Clerk, U.S. District Court
District Of Montana
Missoula

United States Magistrate Judge Jeremiah C. Lynch entered his findings and recommendations on October 24, 2014, recommending that Plaintiff Raskiewicz's complaint be dismissed for failing to state a claim. Raskiewicz failed to timely object to the findings and recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Lynch's findings and recommendations in full.

Raskiewicz alleges he is being illegally detained at the Flathead County Detention Center in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments to the United States Constitution. He demands his release, a

payment of ten million dollars, and, in essence, permission to commit violent acts against "those responsible for [his] illegal detainment." (Doc. 2 at 7.)

Judge Lynch found, and this Court agrees, that Raskiewicz's claims against the State of Montana are either barred by the Eleventh Amendment or, to the extent they could be construed as against state officials acting in their official capacities, inappropriate for disposition in this forum per *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *San Remo Hotel v. City & County San Francisco*, 145 F.3d 1095 (9th Cir. 1998). The State of Montana has an overriding interest in enforcing its own criminal laws, and Plaintiff will have ample opportunity to raise his federal constitutional claims in a state action.

Judge Lynch, interpreting Raskiewicz's allegations against Defendant Smith as a false imprisonment claim, found no basis for the claim given the circumstances by which Raskiewicz came to be detained – a false imprisonment claim does not lie where the claimant is detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). After absconding from probationary supervision, Raskiewicz was arrested and subsequently brought to the Flathead Valley Detention Center per an October 28, 2014 bench warrant. His current detention is the direct result of state court legal process.

IT IS ORDERED that Judge Lynch's findings and recommendations

(Doc. 6) are ADOPTED IN FULL. Raskiewicz's complaint is DISMISSED. The Clerk of Court is directed to CLOSE the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect: (1) that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g), and (2) that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 25th day of November, 2014.

Dana L. Christensen, Chief Judge
United States District Court